## CITY OF DETROIT v SLEDGE

Docket No. 192751. Submitted November 13, 1996, at Detroit. Decided April 18, 1997, at 9:05 A.M.

Bobbie Sledge received thirty-nine appearance tickets from City of Detroit housing inspectors alleging that Sledge had allowed a dwelling to be occupied without first obtaining a certificate of approval, as required by ordinance. The 36th District Court, Norma Y. Dotson, J., dismissed the tickets, ruling in part that the housing inspectors lacked authority to issue tickets pursuant to MCL 764.9c; MSA 28.868(3). On appeal by the city, the Detroit Recorder's Court, Margie R. Braxton, J., reinstated the tickets, ruling that authority to issue tickets is implicit in authority granted under the city charter to enforce regulations on real property in the city. Sledge appealed by leave granted.

The Court of Appeals *held*:

MCL 764.9c(2); MSA 28.868(3)(2) provides that a public servant who is not a police officer but is specially authorized by law or ordinance to issue and serve appearance tickets with respect to a particular class of offenses less than felony grade may issue and serve upon a person an appearance ticket if the public servant has reasonable cause to believe that the person has committed an offense. The statute requires the adoption of an ordinance specially authorizing public servants to issue appearance tickets for the particular class of offenses involved. Here, the city has not adopted an ordinance authorizing its housing inspectors to issue appearance tickets. The tickets in this case were improperly issued and must be dismissed.

Reversed.

CRIMINAL LAW — APPEARANCE TICKETS — PUBLIC SERVANTS.

Authority under MCL 764.9c; MSA 28.868(3) for a public servant other than a police officer to issue appearance tickets for a class of offenses less than felony grade does not exist unless a law or ordinance has specially authorized such public servant to issue appearance tickets for the class of offenses.

*Phyllis A. James*, Corporation Counsel, and *Linda D. Fegins*, Assistant Corporation Counsel, for the plaintiff.

*Veleta P. Brooks-Burkett*, for the defendant.

Before: MARILYN KELLY, P.J., and JANSEN and M. WARSHAWSKY*, JJ.

JANSEN, J. Defendant appeals by leave granted from a January 24, 1996, order of the Detroit Recorder's Court that reversed an order of the Thirty-Sixth District Court and reinstated approximately thirty-nine appearance tickets for violations of City of Detroit housing ordinances. The district court dismissed the tickets, holding that the applicable ordinance was unconstitutionally vague, that city building inspectors lacked the authority to issue appearance tickets, and that the issuance of the tickets violated the separation of powers doctrine. The district court rejected eight other grounds on which defendant sought to dismiss the tickets, which were: illegality of penalties; illegal search and seizure; statute of limitations; lack of publication; preemption or repeal by implication; absence of dates, classifications, and titles on the tickets; and unlawful arrest resulting in lack of jurisdiction. Plaintiff appealed to the Recorder's Court, which reinstated the tickets, holding that the ordinance was not vague, that the inspectors had implicit authority to issue the tickets, and that there was no separation of powers violation. Defendant appeals the reinstatement of the tickets. We reverse the order of the Recorder's Court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts of this case are not generally in dispute. Housing-enforcement inspectors employed by the City of Detroit issued approximately thirty-nine complaints, in the form of appearance tickets, to defendant. Each ticket stated that defendant unlawfully allowed the listed dwelling to be occupied without first obtaining a certificate of approval, as required by ordinance no. 124-H, § 12-7-2(A). Defendant filed fourteen motions to dismiss the tickets in the district court. The district court considered ten of those motions and dismissed the tickets, finding that the housing inspectors did not have the authority to issue appearance tickets pursuant to MCL 764.9c; MSA 28.868(3). The district court also agreed with defendant that the issuance of the tickets violated the separation of powers doctrine and that the ordinance was unconstitutionally void for vagueness.

Plaintiff then appealed to the Recorder's Court, which reinstated the tickets. The Recorder's Court held that the ordinance was constitutional and applied to defendant. The Recorder's Court also held that the authority of plaintiff's housing inspectors to issue appearance tickets was implicit in authority granted under city charter to enforce regulations on real property in the city, and it reversed the district court's order dismissing the appearance tickets. Defendant subsequently filed an application for leave to appeal in this Court, which was granted in an unpublished order dated April 29, 1996.

Defendant first contends that plaintiff's building inspectors did not have the authority to issue appearance tickets. The statute governing the authority of officials other than police officers to issue appear-

ance tickets is MCL 764.9c(2); MSA 28.868(3)(2), which provides:

> A public servant other than a police officer, who is specially authorized by law or ordinance to issue and serve appearance tickets with respect to a particular class of offenses of less than felony grade, may issue and serve upon a person an appearance ticket if the public servant has reasonable cause to believe that the person has committed an offense.

The parties acknowledge that plaintiff has the authority under this statute to empower building inspectors to issue appearance tickets. Defendant argues, however, that plaintiff never enacted an ordinance that expressly authorized its building inspectors to issue appearance tickets. Plaintiff concedes that it has not adopted an ordinance that specifically authorizes its building inspectors to issue appearance tickets, but contends that its general charter provisions, including § 1-102, which provides that the city has all the powers it may possess under the state's constitution and laws, are sufficient to imply the necessary authority.

Plaintiff's interpretation, however, would render the statute's phrases "specially authorized by law or ordinance" and "with respect to a particular class of offenses" meaningless. The Legislature is presumed to have intended the meaning it has expressed, *People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996), and courts should presume that every word has some meaning and give effect to every word, phrase, and clause. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). Accordingly, we conclude that the Legislature intended to authorize plaintiff to pass an ordinance authorizing its inspectors to issue appearance tickets, but such authority

cannot be implied because the language of the statute is explicit. Therefore, the appearance tickets were improperly issued and should have been dismissed because plaintiff has not adopted an ordinance authorizing the building inspectors to issue the appearance tickets with respect to a particular class of offenses less than felony grade.

Because the first issue is dispositive of this appeal, we need not address the remaining issues raised by defendant, especially the constitutional issues raised. See *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993).

Reversed.