ORION TOWNSHIP v MUNRO

Docket No. 205809. Submitted February 2, 1999, at Detroit. Decided May 21, 1999, at 9:15 A.M.

Dane Munro was issued a civil infraction citation for violating a zoning ordinance of Orion Charter Township for failing to obtain a building permit for the repair of the roof of his house. The 52nd District Court, Ralph H. Nelson, J., dismissed the citation, determining that Thomas W. Blazak, the zoning enforcement officer for the township who had issued the citation, lacked authority to issue civil infraction citations. The Oakland Circuit Court, Steven N. Andrews, J., reversed on appeal. Munro appealed by leave granted.

The Court of Appeals *held*:

1. A township board may designate an ordinance violation as a municipal civil infraction, MCL 42.21; MSA 5.46(21), but only an authorized local official can issue a citation for an infraction, MCL 600.8601(a), (b), 600.8707(2); MSA 27A.8701(a), (b), 27A.8707(2). In this case, the township zoning ordinance authorizes the zoning enforcement officer to issue permits and violation notices, but does not authorize the zoning enforcement officer to issue civil infraction citations. Thus, Blazak did not have authority to issue a civil infraction citation to Munro.

2. Blazak's authority to issue civil infraction citations is not implied by MCL 42.15; MSA 5.46(15), which provides that a charter township board may enact such ordinances as may be deemed necessary to provide for the public peace and health and for the safety of persons and property therein. Such an implication would render meaningless "authorized local official" and "personnel . . . legally authorized to issue municipal infraction citations," as those terms are used in MCL 600.8701(a), (b); MSA 27A.8701(a), (b) and MCL 600.8707(2); MSA 27A.8707(2).

Reversed.

Townships — Charter Townships — Ordinances — Municipal Civil Infractions — Citations.

A charter township board may designate an ordinance violation as a municipal civil infraction; a citation for such an infraction may be issued only by a local official who is authorized by ordinance to do

so (MCL 42.21, 600.8701[a], [b], 600.8707[2]; MSA 5.46[21], 27A.8701[a], [b], 27A.8707[2]).

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Janet Callahan Barnes*), for Orion Township

*Michael J. Balian*, for Dane Munro.

Before: TALBOT, P.J., and NEFF and SMOLENSKI, JJ.

SMOLENSKI, J. This case arises from a civil infraction citation issued to defendant by Thomas W. Blazak, plaintiff's zoning ordinance enforcement officer, for failing to obtain a building permit. Defendant appeals by leave granted the circuit court order that reversed the district court's dismissal of the citation. We reverse and affirm the district court's order of dismissal.

In July 1995, defendant repaired or replaced the roof of his house in Lake Orion. On November 6, 1995, Blazak issued defendant a municipal civil infraction citation for violating plaintiff's zoning ordinance, § 30.06, because defendant "failed to obtain a building permit for construction work done" at the premises. During the bench trial in the district court, defendant moved to dismiss the case on the ground that Blazak lacked legal authority to issue the citation, because he did not take his oath of office until February 5, 1996, nearly three months after he issued the citation to defendant.[1] After the parties briefed the issue, the district court determined that Blazak was not required to swear an oath; however, the court further determined that Blazak was not designated as an official authorized to issue civil infraction citations and

---

[1] No transcript of the bench trial is available.

ultimately dismissed the citation on March 4, 1997. Plaintiff appealed to the circuit court, which reversed the district court's order and held that Blazak was impliedly authorized to issue citations for infractions as part of his duties to enforce the zoning ordinance.

Defendant contends on appeal that Blazak was not legally authorized to issue municipal infraction citations. We agree. In resolving defendant's appeal, we must review the statutory authority that permits charter townships to issue municipal infraction citations.[2] Statutory interpretation is a question of law reviewed de novo on appeal. *In re Ballard*, 219 Mich App 329, 331; 556 NW2d 196 (1996).

Pursuant to the charter township act, a township board may designate ordinance violations as municipal civil infractions. MCL 42.21; MSA 5.46(21). An "authorized local official" issues citations to those responsible for committing municipal civil infractions. MCL 600.8707(2); MSA 27A.8707(2). A "citation" is defined by statute as "a written complaint or notice to appear in court upon which an authorized local official records the occurrence or existence of 1 or more municipal civil infractions by the person cited." MCL 600.8701(b); MSA 27A.8701(b). Finally, the "authorized local official" who issues the citation is defined as "a police officer or other personnel of a county, city, village, township, or regional parks and recreation commission . . . legally authorized to issue municipal civil infraction citations." MCL 600.8701(a); MSA 27A.8701(a). Thus, while the township may create municipal civil infractions for ordinance viola-

---

[2] We note that plaintiff is a charter township even though the caption does not designate it as such.

tions, only an "authorized local official" can issue citations for the infractions. In the present case, although plaintiff's zoning ordinance authorizes the zoning enforcement officer to issue permits and violation notices, the ordinance does not authorize the enforcement officer to issue citations for municipal infractions.[3] Because Blazak was not an authorized

---

[3] Section 29.04(B) of the zoning ordinance lists the following "Jurisdiction and Duties" of the Enforcement Officer:

1. Record of Nonconformities

The Enforcement Officer . . . shall make a record of all nonconforming uses, structures, and lots existing on the effective date of this Ordinance. . . .

2. Maintain Records of this Ordinance

The Enforcement Officer shall have possession of and maintain permanent and current records of this Ordinance, including, but not limited to, all maps, amendments, conditional uses, variances, appeals and applications.

3. Provide Information

Assist in providing public information relative to this Ordinance.

4. Inspections

The Enforcement Officer . . . shall have the power to inspect any and all buildings and premises necessary to determine compliance with the terms of this Ordinance and to carry out their duties in the enforcement of the provisions of this Ordinance.

In the exercise of his duties, the Enforcement Officer . . . shall have the right to enter private premises as provided by law.

5. Issue Violation Notices

The Enforcement Officer . . . shall have the authority to issue violation notices requiring compliance within a specified time period and advising suspected violators of right of appeal.

Furthermore, the Enforcement Officer . . . shall have the authority to require that construction or work of any type be stopped when such work is not in compliance with the Ordinance; and revoke any permit which was unlawfully issued, or any permit wherein work not in compliance with this Ordinance has been performed and such work has not been corrected within thirty (30) days of notification of such defects.

6. Issue Permits

The Enforcement Officer . . . shall have the authority and responsibility to issue building permits and other permits covered by the provisions of Section 30.06 and 30.07 of this Ordinance.

local official pursuant to MCL 600.8701(a); MSA 27A.8701(a), MCL 600.8701(b); MSA 27A.8701(b), and MCL 600.8707(2); MSA 27A.8707(2), we conclude that he did not have authority to issue defendant's citation.

Plaintiff contends that Blazak's authority to issue citations as its zoning enforcement officer is implied by MCL 42.15; MSA 5.46(15), which provides that "[t]he township board of any charter township may enact such ordinances as may be deemed necessary to provide for the public peace and health and for the safety of persons and property therein . . . ." We disagree. We previously decided a similar issue in *Detroit v Sledge*, 223 Mich App 43, 44-46; 565 NW2d 690 (1997), in which we affirmed the district court's dismissal of appearance tickets issued by city housing-enforcement inspectors, because the city failed to adopt an ordinance specifically authorizing its building inspectors to issue appearance tickets. In *Sledge*, we construed MCL 764.9c(2); MSA 28.868(3)(2),

---

However, the Enforcement Officer . . . shall not approve any plans nor issue any permits for any excavation, alteration, or construction until he has inspected such plans and/or such structures in detail and found them to conform with the provisions of this Ordinance. The Enforcement Officer . . . shall issue a permit when conditions imposed by this Ordinance have been complied with by the applicant. . . .

The Enforcement Officer . . . shall issue temporary use permits only as authorized by the Zoning Board of Appeals and subject to the conditions that may be imposed by the Zoning Board of Appeals.

7. Certificates of Occupancy

The Enforcement Officer . . . shall have the authority and responsibility to issue Certificates of Occupancy in accordance with Section 30.07, provided all provisions of this Ordinance have been complied with.

which allows the city to authorize officials other than police officers to issue "appearance tickets":

> A public servant other than a police officer, who is specially authorized by law or ordinance to issue and serve appearance tickets with respect to a particular class of offenses of less than felony grade, may issue and serve upon a person an appearance ticket if the public servant has reasonable cause to believe that the person has committed an offense.

In *Sledge*, the city raised an argument similar to that raised by plaintiff in the present case, i.e., the city's general charter provisions, which provided that the city has all the powers it may possess under the state's constitution and laws, were sufficient to imply the necessary authority for its inspectors to issue the tickets. *Sledge, supra* at 46. However, we rejected the city's argument, because this interpretation "would render the statute's phrases 'specially authorized by law or ordinance' and 'with respect to a particular class of offenses' meaningless." *Id.* Because the courts should presume that every word in the statute has some meaning, we concluded that the Legislature intended to authorize the city to pass an ordinance authorizing its inspectors to issue appearance tickets. *Id.* In addition, we concluded that the inspectors' authority was not implied because the statute was explicit on this point. *Id.* Thus, we held that "the appearance tickets were improperly issued and should have been dismissed because [the city] has not adopted an ordinance authorizing the building inspectors to issue appearance tickets with respect to a particular class of offenses less than felony grade." *Id.* at 47.

We believe that the reasoning in *Sledge* is sound and applicable to the present case. We presume that the Legislature intended to give effect to the terms "authorized local official" and "personnel . . . legally authorized to issue municipal infraction citations" as those terms appear in MCL 600.8701(a); MSA 27A.8701(a), MCL 600.8701(b); MSA 27A.8701(b), and MCL 600.8707(2); MSA 27A.8707(2). Thus, while plaintiff has the general statutory power to issue citations for municipal infractions pursuant to MCL 42.21; MSA 5.46(21), it must exercise that power by enacting an appropriate ordinance authorizing specific local officials to issue the citations.

In applying the *Sledge* requirement of specific authorization to the facts in the present case, we conclude that defendant did not authorize Blazak to issue citations. While § 29.04(A) of its zoning ordinance provides that the ordinance "shall be administered and enforced" by plaintiff through the zoning enforcement officer, the "Jurisdiction and Duties" of the officer set forth in § 29.04(B) did not include issuing citations. Likewise, we reject plaintiff's contention that Blazak was authorized to issue citations as an enforcement officer under its building code, when neither the building code nor the minutes of the board meeting in which plaintiff employed Blazak as the enforcement officer authorized him to issue citations. Because plaintiff failed to exercise its statutory power to authorize its zoning enforcement officer to issue citations for municipal infractions, Blazak, acting in his capacity as the enforcement officer, had no authority to issue the citation to defendant. Accordingly, we hold that the circuit court erred in reversing the district court's dismissal of defendant's citation.

Because this issue is dispositive, we find it unnecessary to address the remaining issues raised by defendant in this appeal. See *Sledge, supra* at 47.

Reversed.