CITY OF MONROE v JONES

Docket No. 241486. Submitted November 13, 2003, at Detroit. Decided
November 18, 2003, at 9:10 A.M. Leave to appeal sought.

The city of Monroe obtained a judgment in the 1st District Court,
Terrence Bronson, J., against Helen F. Jones for unpaid parking
tickets issued for exceeding a one-hour limit imposed by ordi-
nance. The defendant is disabled and her ticketed vehicle displayed
a windshield placard that indicated that the defendant is disabled.
The court rejected the defendant's contention that state law pre-
empted the plaintiff from enforcing the ordinance against the dis-
abled. The Monroe Circuit Court, Michael W. LaBeau, J., affirmed
the district court's decision regarding the defendant's liability after
rejecting her contention that MCL 257.675(6) shielded her from the
plaintiff's ordinance. The defendant appealed by leave granted.

The Court of Appeals *held*:

MCL 257.675(6) clearly and unambiguously provides that a dis-
abled person shall be relieved of liability for a parking violation
except where the disabled person violated the Michigan Vehicle
Code, MCL 257.1 *et seq.*, or a local ordinance prohibiting parking
on a street to create a fire lane or providing for the accommodation
of heavy traffic during morning and afternoon rush hours. In this
case, the defendant was cited for violating a parking-limit ordi-
nance, not for violating the Vehicle Code or an ordinance relating
to parking restrictions based on need for a fire lane or accommoda-
tion of rush hour traffic. Because the defendant was cited for vio-
lating an ordinance not contemplated in MCL 257.675(6) as consti-
tuting an exception to the liability exemption for disabled persons,
liability by the defendant is precluded.

Reversed.

AUTOMOBILES — DISABLED PERSONS — PARKING VIOLATIONS — VEHICLE CODE.

A disabled person with a certificate of identification, windshield plac-
ard, or special registration plate for persons with disabilities is
relieved of liability for a parking violation except where the dis-
abled person violated the Michigan Vehicle Code or a local ordi-
nance prohibiting parking on a street to create a fire lane or provid-
ing for the accommodation of heavy traffic during morning and
afternoon rush hours (MCL 257.625[6]).

*Garan Lucow Miller P.C.* (by *Robert D. Goldstein*) for the plaintiff.

*David F. Grenn* for the defendant.

Before: FORT HOOD, P.J., and MURPHY and NEFF, JJ.

MURPHY, J. Defendant received approximately 203 parking citations for violating a one-hour limitation on parking in designated spaces on a street near her place of employment in downtown Monroe. Judgment was entered against her in the amount of $6,995. Defendant argues that the municipal parking ordinance that prohibits parking in violation of the posted time limit cannot be enforced against her because she is a disabled driver entitled to the protection afforded by MCL 257.675(6). She appeals by delayed leave granted. We find that MCL 257.675(6) precludes liability by defendant for the parking citations because she is a disabled person and was cited, not for violating the Michigan Vehicle Code, MCL 257.1 *et seq.*, but for violating a local ordinance not contemplated by MCL 257.675(6) as constituting an exception to the liability exemption for disabled persons. Therefore, the judgment is reversed.

### I. BASIC FACTS AND CASE HISTORY

The offense dates for the citations involved in this case range from September 5, 2000, to August 29, 2001. The citations resulted in numerous district court files, some of which have been provided to us. The files that have been provided appear to be incomplete. However, the parties agree that the pertinent facts are undisputed.

Defendant has been diagnosed with multiple sclerosis. At the time of the lower court proceedings, she lived in Ohio, and her driver's license and license plate were from Ohio. Defendant had a disability placard from Ohio in her vehicle. She was employed by the Salvation Army in downtown Monroe. Parking on the street in the downtown area is limited to one hour. Signs notified drivers of the parking time limit. According to the chairperson of the mayor's downtown parking committee, the parking spaces on the street are intended for customer parking for service-oriented and retail businesses. Defendant normally parked on Front Street, in parking spaces designated for the disabled, but subject to a one-hour time limit. Defendant testified that the disabled parking spaces in the area that were not time-limited were not accessible to her because they were too far from her place of employment. If she had to walk a block to get to work, she would be too fatigued to work for the rest of the day. From September 2000 to August 2001, defendant was issued approximately 203 parking citations for violating the one-hour time restriction. .

The district court rejected defendant's argument that state law preempted plaintiff from enforcing against the disabled the time limits on parking, and the court denied defendant's motion to dismiss. For several months in 2001, the focus shifted to defendant's position that the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, required plaintiff to make reasonable accommodations for her.[1] Subse-

---

[1] An opinion by the United States Sixth Circuit Court of Appeals confirms that defendant filed a lawsuit in federal court against plaintiff, alleging that the city's refusal to modify its municipal parking program constituted unlawful and intentional discrimination based on disability and vio-

quently, after rejecting defendant's arguments attacking the legality of the citations, the district court entered judgment against defendant but reduced the fines for the second and subsequent offenses. The district court entered judgment against defendant for $5,075.

Defendant appealed liability and plaintiff cross-appealed the amount of the judgment to the circuit court. Defendant raised the same issues in the circuit court appeal as she does in the appeal before us. The circuit court rejected defendant's argument that MCL 257.675(6) shielded her from plaintiff's local parking ordinance regarding time restrictions. The circuit court agreed with plaintiff that the district court abused its discretion in reducing the fines for the second and subsequent offenses and remanded for entry of an order imposing fines as provided in the ordinance. Pursuant to the remand order, the district court entered judgment against defendant for $6,995. This Court subsequently granted defendant's delayed application for leave to appeal.

II. ANALYSIS

A. STANDARD OF REVIEW

The issues raised by the parties solely concern matters of statutory construction that are reviewed de

_____

lated federal law. *Jones v City of Monroe*, 341 F3d 474, 475 (CA 6, 2003). She had sought a preliminary injunction in the federal district court ordering the city to reserve a free parking space for her adjacent to her office, or prohibiting the city from continuing to ticket her for parking violations. *Id.* The Sixth Circuit affirmed the district court's denial of a preliminary injunction. *Id.*

novo by this Court. *Orion Twp v Munro*, 235 Mich App 572, 574; 599 NW2d 496 (1999).

### B. GENERAL RULES OF STATUTORY CONSTRUCTION

Our Supreme Court, in *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), recently emphasized the following rules concerning statutory construction:

> An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature. *People v Wager*, 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute. *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Omne Financial, Inc v Shacks, Inc*, 460 Mich 305, 311; 596 NW2d 591 (1999).

With these general principles in mind, we now tackle the language contained in MCL 257.675(6).

### C. DISCUSSION

This case turns on the interpretation of MCL 257.675(6), which is a provision contained in the Vehicle Code, and which provides in full:

> A disabled person with a certificate of identification, windshield placard, special registration plates issued under section 803d, a special registration plate issued under section 803f that has a tab for persons with disabilities

attached, a certificate of identification or windshield plac-
ard from another state, or special registration plates from
another state issued for persons with disabilities is entitled
to courtesy in the parking of a vehicle. *The courtesy shall
relieve the disabled person or the person transporting the
disabled person from liability for a violation with respect
to parking, other than in violation of this act. A local
authority may by ordinance prohibit parking on a street
or highway to create a fire lane or to provide for the
accommodation of heavy traffic during morning and
afternoon rush hours, and the privileges extending to vet-
erans and physically disabled persons under this subsec-
tion do not supersede that ordinance.* [Emphasis added.]

The language of § 675(6) clearly and unambigu-
ously provides, in an all-encompassing manner, that a
disabled person shall be relieved of liability for a
parking violation except as provided in the statute.
There is no dispute that defendant is a disabled per-
son, that her vehicle properly displayed the requisite
identification showing her to be disabled, and that
she was cited for multiple parking violations. The
question becomes whether the exceptions under
§ 675(6) are applicable. One of those exceptions is
where the disabled person violated "this act," or in
other words, where the disabled person violated the
Vehicle Code. MCL 257.674 provides in relevant part:

(1) A vehicle shall not be parked, except if necessary to
avoid conflict with other traffic or in compliance with the
law or the directions of a police officer or traffic-control
device, in any of the following places:

\*          \*          \*

(W) In violation of an official sign restricting the period
of time for or manner of parking.

\*     \*     \*

person who violates this section is responsible for a civil infraction.

Indeed, the record reflects that defendant possibly violated § 674(1)(w) on numerous occasions. However, defendant was not cited for violating § 674; she was issued parking citations for violating a local time-restriction parking ordinance. The citations that are contained in the record do not indicate that they were issued pursuant to the Vehicle Code, nor does plaintiff argue that the citations were issued pursuant to the Code. Therefore, the exception under § 675(6), which permits the ticketing of a vehicle operated by a disabled person where the disabled person is cited and found responsible for a violation of the Vehicle Code, is simply not applicable here.[2]

The only other exceptions found in MCL 257.675(6), with respect to the liability exemption for disabled persons, pertains to local ordinances prohibiting parking on a street to create a fire lane or providing for the accommodation of heavy traffic during morning and afternoon rush hours. Defendant's parking citations were not issued pursuant to such ordinances.

In light of our discussion above, we can only conclude that MCL 257.675(6) clearly and unambiguously precludes plaintiff from citing defendant, a disabled person, for a time-restriction parking violation under the local ordinance. If we were to allow defendant to

---

[2] Defendant argues that the city's one-hour parking ordinance does not comply with the "official sign" requirement as contained in MCL 257.674(1)(w). Because defendant was not cited for violation of § 674(1)(w), this issue is not properly before us.

be held liable under the circumstances presented here, we would in fact be reading additional language into § 675(6) that is not present, and thus not within the manifest intent of the Legislature as derived from the words of the statute itself. *Roberts, supra* at 63. Additionally, if we allowed liability predicated on a time-restriction ordinance, despite the language contained in § 675(6) that does not reference such an ordinance, we would be violating the maxim of *expressio unius exclusio alterius.* In the context of examining a statute, the maxim means "that the express mention in a statute of one thing implies the exclusion of other similar things[,]" *Bradley v Saranac Community Schools Bd of Ed,* 455 Mich 285, 298; 565 NW2d 650 (1997), or "that the express mention of one thing is to the exclusion of all others," *Kater v Brausen,* 241 Mich App 606, 609; 617 NW2d 40 (2000).

Moreover, if the local time-restriction ordinance is read to be applicable to disabled persons, it would directly conflict with the clear and unambiguous language of § 675(6). A municipality's power to adopt an ordinance regarding municipal concerns is "subject to the constitution and law." Const 1963, art 7, § 22; *Rental Prop Owners Ass'n of Kent Co v Grand Rapids,* 455 Mich 246, 256-257; 566 NW2d 514 (1997). A state law preempts a municipal ordinance if the ordinance directly conflicts with the state statute. *Rental Prop, supra* at 257.

Plaintiff argues vigorously that it had the constitutional and statutory authority to adopt local ordinances that restrict the time a vehicle is parked in any particular parking space, citing Const 1963, art 7, § 22; MCL 257.605; MCL 257.606, the Home Rule City Act, MCL 117.1 *et seq.;* and an Attorney General opin-

ion, OAG, 2000, No 7041, p 83 (February 18, 2000). We agree that plaintiff has the authority to enact time-restriction parking ordinances; but that authority is not absolute and unfettered and must give way to a specific statutory provision that places a limit on that authority.

Const 1963, art 7, § 22, which provides a municipality the "power to adopt resolutions and ordinances relating to its municipal concerns," places a limit on that power by providing that the power is "subject to the constitution and law." The law limiting that power here is MCL 257.675(6).

MCL 257.605(1) provides that the Vehicle Code is to be applied "uniformly throughout this state and in all political subdivisions and municipalities in the state." There is no argument presented that § 675(6) is not applied uniformly across the state. Moreover, § 605(1) provides that "[a] local authority shall not adopt, enact, or enforce a local law that provides lesser penalties or that is otherwise in conflict with this chapter . . . ." A conflict would be created if the city's time-restriction parking ordinance was read to permit the ticketing of a disabled person's vehicle.

MCL 257.606 provides that chapter VI of the Vehicle Code, which regards traffic laws, including § 675, shall not be considered to prevent local authorities from regulating the standing or parking of vehicles. This broad statute on the general issue of parking must bow to a specific statute regarding disabled persons and parking, § 675(6), or else § 675(6) is rendered completely nugatory. *People v Katt*, 468 Mich 272, 282; 662 NW2d 12 (2003) (specific statute will not be controlled or nullified by a general one regardless of priority of enactment absent clear intention other-

wise); *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 714; 664 NW2d 193 (2003) (every word of a statute should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible).

With respect to home rule cities, our Supreme Court in *Detroit v Walker*, 445 Mich 682, 690; 520 NW2d 135 (1994), stated that "it is clear that home rule cities enjoy not only those powers specifically granted, but they may also exercise all powers not expressly denied." MCL 257.675(6) constitutes an express denial of a municipality's power to hold liable a disabled person for violating a local time-restriction parking ordinance.

Finally, plaintiff's reliance on the Attorney General opinion is misplaced. The opinion makes no reference to whether the analysis considers the applicability of a parking ordinance under § 675(6). OAG, 1999-2000, No 7041, p 83 (February 18, 2000). The opinion states that § 675(6) "specifically exempts disabled persons from liability for parking violations except for those offenses which are a violation of the Code itself." *Id.* The opinion then simply concludes:

> Section 674 of the Code lists several specific parking practices that are prohibited by the Code. Among these prohibited practices is parking a vehicle "[i]n violation of an official sign restricting the period of time for or manner of parking." . . . Thus, parking in excess of the time permitted by a posted sign is a violation of the Code, and is not within the "courtesy" extended to disabled persons by section 675(6) of the Code. [OAG, No 7041, *supra* at 84 (alteration in original).]

The problem that exists in the case at bar, as noted earlier, is that defendant was not cited for violating

§ 674. Therefore, the Attorney General's opinion has no bearing on this case.[3]

It could be argued that the reference in § 675(6) to the Vehicle Code, and here specifically § 674, simply means that a parking citation predicated on violation of a time restriction does not exempt a disabled person from liability regardless of the mechanism through which the municipality seeks enforcement, i.e., an ordinance or state statute. We find that such a reading is contrary to the plain language of § 675(6). Moreover, under such a construction, it would be illogical for the Legislature to have included a particular exception to § 675(6) for local ordinances prohibiting parking on a street to create a fire lane. Section 674(1)(aa) prohibits a vehicle from being parked "[i]n a place or in a manner that blocks access to a space clearly designated as a fire lane." The fire-lane exception under § 675(6) would be unnecessary if we interpreted § 675(6) in the manner argued by plaintiff.

### III. CONCLUSION

We find that MCL 257.675(6) precludes liability by defendant because she is a disabled person and was cited, not for violating the Vehicle Code, but for violating a local time-restriction parking ordinance not contemplated in MCL 257.675(6) as constituting an exception to the liability exemption for disabled persons. Therefore, defendant was entitled to dismissal, and we reverse the judgment entered in plaintiff's favor.

Reversed.

---

[3] We also note that an opinion by the Attorney General is not precedentially binding. *Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 274; 539 NW2d 574 (1995).