694 N.W.2d 61 (2005)
264 Mich.App. 93
James A. FERGUSON, Plaintiff-Appellant,
v.
CITY OF LINCOLN PARK and Board of Trustees of the Lincoln Park Policemen's and Firemen's Retirement System, Defendants-Appellees.
Docket No. 248067.
Court of Appeals of Michigan.
Submitted October 5, 2004, at Detroit.
Decided October 12, 2004, at 9:05 a.m.
Released for Publication December 8, 2004.
*62 Law Offices of Richard Ashare (by Richard Ashare), Detroit, for the plaintiff.
Edward M. Zelenak, Lincoln Park, for the city of Lincoln Park.
Vanoverbeke, Michaud & Timmony, P.C. (by Jack Timmony), Detroit, for the Board of Trustees of the Lincoln Park Policemen's and Firemen's Retirement System.
Before: MARK J. CAVANAGH, P.J., and FITZGERALD and METER, JJ.
PER CURIAM.
Plaintiff, an ex-corporal with the Lincoln Park Police Department, appeals as of right the order of dismissal in this action for the recovery of pension benefits. The issue on appeal involves an earlier order granting summary disposition on behalf of defendant Board of Trustees of the Lincoln Park Policemen's and Firemen's Retirement System (the board). Plaintiff asserts that the board incorrectly calculated his pension benefit. We affirm the dismissal of the action.
Plaintiff sustained an injury in the course of his employment that caused him to be completely disabled, unable to maintain his employment. On October 29, 1989, plaintiff retired on account of the disability and received a duty disability annuity of fifty-five percent of his average final compensation. When plaintiff attained the voluntary retirement age of fifty-five in 1998, the board recalculated *63 plaintiff's pension benefit, giving credit for the time plaintiff received the disability annuity. On February 20, 2002, plaintiff filed a complaint seeking recalculation of his retirement benefit. He argued that for the purpose of his retirement benefit, the final average compensation should be calculated using a corporal's wages for the five-year period preceding the date plaintiff reached the voluntary retirement age of fifty-five.
On January 14, 2003, the board filed a motion for summary disposition pursuant to MCR 2.116(C)(10). The board asserted that plaintiff took a duty disability retirement in 1989, and the board, in conformance with the terms of § 296.15 of the retirement provisions provided plaintiff with a disability annuity based on an average final compensation figure derived from plaintiff's compensation in the five years before his retirement in 1989. When plaintiff reached the voluntary retirement age of fifty-five in 1998, the board recalculated plaintiff's benefit pursuant to § 296.13 of the retirement provisions to include credited service accumulated during plaintiff's disability, retaining the average final compensation figure determined in 1989. The board maintained that because average final compensation is calculated using the five-year period before a member's effective date of retirement, and because plaintiff's effective date of retirement was 1989, the board properly used the years 1984 through 1989 to calculate plaintiff's average final compensation. The trial court concurred with the board's position and granted the board's motion for summary disposition.
Plaintiff argues that the board erred when it calculated plaintiff's average final compensation. He contends that his average final compensation should have been based on a corporal's rate of compensation for the five-year period preceding 1998, the year plaintiff reached the voluntary retirement age of fifty-five and his retirement was switched from a duty disability retirement to a service retirement.
Pension benefits are provided by the city of Lincoln Park Policemen's and Firemen's Retirement System in accordance with chapter 296 of the Charter of the City of Lincoln Park. "The rules governing the construction of statutes apply with equal force to the interpretation of municipal ordinances." Gora v. Ferndale, 456 Mich. 704, 711, 576 N.W.2d 141 (1998). This Court's goal in interpreting either statutes or ordinances is to give effect to the intent of the enactors. Warren's Station Inc. v. City of Bronson, 241 Mich.App 384, 388, 615 N.W.2d 769 (2000). We do so by examining the plain language used in the enactment. Id. "If the language is clear and unambiguous, the courts may only apply the language as written." Brandon Charter Twp. v. Tippett, 241 Mich.App. 417, 422, 616 N.W.2d 243 (2000), citing Ahearn v. Bloomfield Charter Twp., 235 Mich.App. 486, 498, 597 N.W.2d 858 (1999).
Sections 296.14 and 296.15 of the charter govern duty disability retirements. Section 296.14 provides in pertinent part:
Upon the application of a member or his or her department head, a member who has become or becomes totally and permanently incapacitated for duty in the service of the City, by reason of a personal injury or disease which the Retirement Board finds to have occurred solely and exclusively as the natural and proximate result of causes arising out of and in the course of his or her employment by the City, shall be retired by the Board after a medical examination of such member is made by or under the direction of a medical committee.
Section 296.15(b) provides:
A member who retires before attainment of his or her voluntary retirement *64 age, on account of disability as provided in Section 296.14, shall receive a disability annuity of fifty-five percent of his or her average final compensation. Such disability annuity shall begin as of the date of his or her disability, but in no case more than six months before the date his or her application for disability retirement is filed with the Retirement Board or before the date his or her name last appeared on a City payroll with pay, whichever is later. Such disability annuity shall continue to his or her attainment of voluntary retirement age or recovery prior thereto. Such disability annuity shall be subject to Sections 296.20 and 296.21 and shall not exceed sixty-five percent of the average final compensation. [Emphasis added.]
"Retirement" is defined as "a member's withdrawal from service of the City with an annuity payable from funds of the retirement system." Section 296.02(n). "Average final compensation" is defined as "the average of the annual compensations for the ranks held by a member during his five years of service immediately preceding the effective date of his retirement...." Section 296.02(d). "Service" is defined as "service rendered by a police officer or firefighter in the employ of the City and paid for by the City." Section 296.02(o).
Under §§ 296.14 and 296.15 of the retirement system provisions, a police officer who suffers a disabling injury in the course of his employment may be retired and may receive a disability annuity. Section 296.15(a) states that "[a] member who retires ... on account of disability ... shall receive a disability annuity...." Plaintiff asserts in his complaint that he began receiving a duty disability annuity from the city on October 29, 1989, after suffering an injury in the course of his employment. The disability annuity was fifty-five percent of plaintiff's average final compensation.
When plaintiff attained the age of fifty-five in 1998, his duty disability retirement converted to a service retirement pursuant to § 296.15(c), which provides:
Upon attaining voluntary retirement age,[1] such disability retirant shall receive annuity according to Section 296.13. In computing such annuity, to begin as of his or her attainment of voluntary retirement age, he or she shall be given service credit for the time he or she received a disability annuity provided for in subsection (b) hereof.
Section 296.13 provides:
Upon retirement as provided herein, a member shall receive a straight life annuity equal to 2.5 percent of his or her average final compensation, multiplied by the number of years and fraction of a year of credited service, subject to a maximum of seventy percent of his or her average final compensation.
The plain language of § 296.13 states that a member's annuity will be based on his or her "average final compensation." As stated above, "average final compensation" is defined as "the average of the annual compensations for the ranks held by a member during his or her five years *65 of service immediately preceding the effective date of his or her retirement...." Plaintiff did not render service to the city after he took the duty disability retirement in 1989. The board properly applied the plain language of § 296.13 when it calculated plaintiff's average final compensation by averaging plaintiff's annual compensations for the ranks he held during his five years of service immediately preceding the effective date of his retirement in 1989.
Affirmed.
NOTES
[1] "Voluntary retirement age" means, for a new member, the attainment of age fifty-five with twenty-five or more years of service or after twenty-eight years of service regardless of age. For an interim member, "voluntary retirement age" means the attainment of age fifty-five or after twenty-eight years of service regardless of age. For an original member, "voluntary retirement age" means the attainment of age fifty with twenty-five years of credited service, or age sixty regardless of the number of years of credited service, or after twenty-eight years of service regardless of age. Section 296.02(p). It is undisputed that plaintiff attained the voluntary retirement age of fifty-five in 1998.