*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER E. KAZOR, D.D.S., M.S., Ph.D.,

Plaintiff-Appellant,

v

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, BUREAU OF
PROFESSIONAL LICENSING, and BOARD OF
DENTISTRY,

Defendants-Appellees.

FOR PUBLICATION
March 19, 2019
9:05 a.m.

No. 343249
Court of Claims
LC No. 17-000306-MH

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

In this declaratory action, plaintiff, Christopher E. Kazor ("Kazor") appeals as of right the court of claims order granting summary disposition in favor of defendants. We affirm.

In July of 2016, Kazor, a periodontist, settled a malpractice claim brought against him by a former patient. Kazor admitted no liability in settling the matter. Thereafter, the National Practitioner Data Bank (NPDB) reported to the Department of Licensing and Regulatory Affairs (LARA) that Kazor's insurance carrier had paid a malpractice settlement to one of Kazor's patients. LARA forwarded the report to the Board of Dentistry, which authorized an investigation into whether Kazor had violated the Public Health Code (the Code). LARA informed Kazor that it had initiated an investigation against him to determine his compliance with the Code, and it requested that Kazor provide it with the non-redacted dental records of the patient with whom he had settled. In response, Kazor initiated this action seeking a declaration that the Code does not authorize LARA to undertake an investigation based solely on a NPDB report of the malpractice settlement, which does not fit within the parameters of the settlements LARA is authorized to investigate. In lieu of answering Kazor's complaint, defendants sought summary disposition in their favor pursuant to MCR 2.116(C)(8), which the court of claims granted. This appeal followed.

A motion under MCR 2.116(C)(8) tests the factual sufficiency of the complaint based on the pleadings alone, and we review a decision made pursuant to this subrule de novo. *Maiden v*

-1-

*Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). In reviewing a motion brought under MCR 2.116(C)(8), "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. Judgment is properly granted under this subrule "when the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017) (citation and quotations omitted). We also review de novo questions of statutory interpretation. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008).

On appeal, Kazor contends that the Code does not authorize defendants to investigate him under the circumstances present in this matter. We disagree.

The Code applies to health professions (MCL 333.16111), and thus, undisputedly to Kazor. Relevant to the instant matter, LARA informed Kazor that it was initiating an investigation "as authorized by the Public Health Code (Section 333.16221) . . . ." That section of the Code provides:

> Subject to section 16221b, the department[1] shall investigate any allegation that 1 or more of the grounds for disciplinary subcommittee action under this section exist, and may investigate activities related to the practice of a health profession by a licensee, a registrant, or an applicant for licensure or registration. The department may hold hearings, administer oaths, and order the taking of relevant testimony. After its investigation, the department shall provide a copy of the administrative complaint to the appropriate disciplinary subcommittee. The disciplinary subcommittee shall proceed under section 162262 if it finds that 1 or more of the following grounds exist:
>
> (a) Except as otherwise specifically provided in this section, a violation of general duty, consisting of negligence or failure to exercise due care, including negligent delegation to or supervision of employees or other individuals, whether or not injury results, or any conduct, practice, or condition that impairs, or may impair, the ability to safely and skillfully engage in the practice of the health profession.

Defendants additionally relied upon MCL 333.16231 for authority to investigate Kazor. MCL 333.16231 provides, in part:

> (1) A person or governmental entity that believes that a violation of this article, article 7, or article 8 or a rule promulgated under this article, article 7, or article 8 exists may submit an allegation of that fact to the department in writing.
>
> (2) Subject to subsection (3) and section 16221b, if the department determines after reviewing an application or an allegation or a licensee's or registrant's file under section 16211(4) that there is a reasonable basis to believe that a violation

---

[1] " 'Department' means the department of licensing and regulatory affairs" (LARA). MCL 333.16104(3).

of this article, article 7, or article 8 or a rule promulgated under this article, article 7, or article 8 exists, 1 of the following applies:

(a) Unless subdivision (b) applies, subject to subsection (10), with the authorization of a panel of at least 3 board members that includes the chair and at least 2 other members of the appropriate board or task force designated by the chair, the department shall investigate the alleged violation. Subject to subsection (10), if the panel fails to grant or deny authorization within 7 days after the board or task force receives a request for authorization, the department shall investigate. If the department believes that immediate jeopardy exists, the director or his or her designee shall authorize an investigation and notify the board chair of that investigation within 2 business days.

(b) If it reviews an allegation in writing under subsection (1) that concerns a licensee or registrant whose record created under section 16211 includes 1 substantiated allegation, or 2 or more written investigated allegations, from 2 or more different individuals or entities, received in the preceding 4 years, the department shall investigate the alleged violation. Authorization by a panel described in subdivision (a) is not required for an investigation by the department under this subdivision.

(3) If a person or governmental entity submits a written allegation under subsection (1) more than 4 years after the date of the incident or activity that is the basis of the alleged violation, the department may investigate the alleged violation in the manner described in subsection (2)(a) or (b), as applicable, but is not required to conduct an investigation under subsection (2)(a) or (b).

(4) If it receives information reported under section 16243(2) that indicates 3 or more malpractice settlements, awards, or judgments against a licensee in a period of 5 consecutive years or 1 or more malpractice settlements, awards, or judgments against a licensee totaling more than $200,000.00 in a period of 5 consecutive years, whether or not a judgment or award is stayed pending appeal, the department shall investigate.

Kazor asserts that the above two statutory provisions, read together, evidence the legislature's intent that LARA (and/or the Board of Dentistry) may investigate him because of a settlement only under the circumstances set forth in MCL 333.16231(4), which was not the factual scenario before LARA. However, MCL 333.16231(2) provides that if LARA "determines after reviewing an application *or* an allegation *or* a licensee's or registrant's file under section 16211(4), that there is a reasonable basis to believe" that a violation of specific provisions in the Code occurred, it is required to take certain actions (emphasis added).

MCL 333.16211(4) provides that:

\*\*\*

(4) The department shall promptly review the entire file of a licensee or registrant, including all prior matters with respect to which no action was taken at the time, with respect to whom there is received 1 or more of the following:

\*\*\*

(d) An adverse malpractice settlement, award, or judgment.

There is no dispute that Kazor entered into a settlement with his former patient with respect to a claim of malpractice, agreeing to pay the former patient a sum of money. That qualifies as an adverse malpractice settlement under MCL 333.16211(4)(d) and LARA was required to review Kazor's entire file as a result. MCL 333.16211(4). There is no reference in that section to any particular settlement amount; it simply states that when there has been an adverse medical malpractice settlement, LARA "shall" promptly review the licensee's entire file. "Shall" indicates a mandatory directive. See, e.g. *People v Lockridge*, 498 Mich 358, 387; 870 NW2d 502 (2015).

Pursuant to MCL 333.16231(2), if LARA determined, after reviewing Kazor's file under section 16211(4), that there was a reasonable basis to believe that a violation of certain Code provisions occurred, then, "with the authorization of a panel of at least 3 board members that includes the chair and at least 2 other members of the appropriate board or task force designated by the chair, the department *shall* investigate the alleged violation." MCL 333.16231(2)(a) (emphasis added). LARA apparently determined, after reading Kazor's file, that there was a reasonable basis to believe that Kazor violated a provision or rule specified in MCL 333.16231(2). It thus forwarded the information to the Board of Dentistry, which authorized an investigation. LARA was thereafter required, under the plain language of MCL 333.16231(2), to investigate. See, *In re* Petition of Attorney General for Subpoenas, __ Mich App __; __ NW2d __ (Docket No.'s 342086 & 342680; 2019).

While LARA may have received the information regarding its belief that Kazor violated a provision in the Code due to the report of the malpractice settlement, that does not mean that LARA determined that the settlement itself justified an investigation. Rather, LARA could have determined that the facts underlying the allegation of malpractice, or even wholly unrelated facts contained in Kazor's file, led to a reasonable belief that Kazor had violated the Code and prompted its investigation.

In addition, while MCL 333.16231(4) requires LARA to investigate if it receives information indicating "3 or more malpractice settlements, awards, or judgments against a licensee in a period of 5 consecutive years or 1 or more malpractice settlements, awards, or judgments against a licensee totaling more than $200,000.00 in a period of 5 consecutive years," that provision does not limit and is not inconsistent with MCL 333.16231(2) or MCL 333.16221, as alleged by Kazor.

-4-

When construing statutory language, this Court's goal is to ascertain the Legislature's intent. *Cook v Dep't of Treasury*, 229 Mich App 653, 658-659; 583 NW2d 696 (1998). The best indicator of that intent is the plain language used. *Ferguson v City of Lincoln Park*, 264 Mich App 93, 95; 694 NW2d 61 (2004). If the language is clear and unambiguous, it must be applied as written. *Id*. at 95-96. Statutory provisions that relate to the same subject are *in pari materia* and should be construed harmoniously to avoid conflict. *People v Izarraras-Placante*, 246 Mich App 490, 498; 633 NW2d 18 (2001). In addition, the Legislature has stated its intent that the Code "shall be liberally construed for the protection of the health, safety, and welfare of the people of this state." MCL 333.1111.

Section 16231(2) allows for investigation when LARA reviews a licensee's file, determines that there is a reasonable basis to believe that a violation occurred, and the relevant board authorizes investigation. MCL 333.16231(4), in contrast, requires LARA to investigate under certain specified circumstances without having to obtain board authorization.

MCL 333.16221 broadly requires LARA to investigate "any allegation that 1 or more of the grounds for disciplinary subcommittee action under this section exist" and permits[2] LARA to "investigate activities related to the practice of a health profession by a licensee, a registrant, or an applicant for licensure or registration." The Legislature clearly intended to provide LARA with broad discretionary authority to investigate other activities related to the practice of a licensee's (or registrant's or applicant's) health profession that fall *outside* the enumerated grounds for disciplinary subcommittee action listed in §16221. See *City of Monroe v Jones*, 259 Mich App 443, 450; 674 NW2d 703 (2003) (explaining aforementioned maxim as the express mention of one thing is to the exclusion of others; the express mention of the enumerated grounds referenced in the first phrase of the first sentence of §16221 implies exclusion of those grounds in the second phrase of the first sentence).

MCL 333.16231(4), on the other hand, requires LARA to investigate when it receives very specific, enumerated information with respect to a licensee's malpractice settlements, awards or judgments.[3] And, "allegation that 1 or more of the grounds for disciplinary subcommittee action under this section exist" (MCL 333.16221) is not necessarily predicated on malpractice settlements, awards, or judgments or a report of the same. The NPDB report of Kazor's alleged malpractice could, however, be an activity "related to" the practice of dentistry and Razor does not argue otherwise. LARA would thus be permitted to investigate the malpractice settlement pursuant to its broad discretionary authority set forth in §16221 to investigate "activities related to the practice of a health profession by a licensee."

---

[2] Use of the term "may," in MCL 333.16221 with respect to LARA investigating "activities related to the practice of a health profession by a licensee indicates that such investigation is permissive, rather than mandatory. See, *Walters*, 481 Mich at 383.

[3] Significantly, this section does not *prohibit* the investigation of allegations related to malpractice that do not meet these thresholds.

In sum, Kazor's assertion that LARA's authority to investigate malpractice settlements is limited to those specified in MCL 333.16231(4) is without merit. The Code grants LARA the authority to investigate the settlement and/or the underlying facts leading to the settlement under the circumstances of this case pursuant to either MCL 333.16231(2)(a) or MCL 333.16221. Because no factual development of Kazor's complaint could possibly justify a declaratory ruling in Kazor's favor, summary disposition for defendants under MCR 2.116(C)(8) was proper.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford

-6-