PEOPLE v HAYNES

Docket No. 277185. Submitted August 5, 2008, at Lansing. Decided
September 23, 2008, at 9:05 a.m.

Jeffrey S. Haynes pleaded no contest in the Calhoun Circuit Court to a
charge of committing the abominable and detestable crime against
nature with a sheep, MCL 750.158. The court, Conrad J. Sindt, J.,
sentenced the defendant as a fourth-offense habitual offender to 30 to
240 months in prison and ordered him to register under the Sex
Offenders Registration Act (SORA), MCL 28.721 *et seq.* The Court of
Appeals, MURRAY, P.J., and KELLY and FORT HOOD, JJ., denied the
defendant's delayed application for leave to appeal from the part of
the trial court's order requiring him to register as a sex offender.
Unpublished order entered October 5, 2006 (Docket No. 272609). The
Supreme Court, in lieu of granting leave to appeal, remanded the case
to the Court of Appeals for consideration as on leave granted. 477
Mich 1067 (2007).

The Court of Appeals *held*:

1. MCL 750.158 encompasses two categories of abominable and
detestable crimes against nature, one with a human being and the
other with an animal.

2. The SORA does not apply to the portion of MCL 750.158 that
prohibits bestiality.

3. The SORA provides in MCL 28.722(e)(*ii*) that a "listed
offense" covered by the act includes a violation of MCL 750.158
if the victim is an individual less than 18 years of age. The plain
meanings of the terms "if" and "individual" requires the victim
of a listed offense to be a human being less than 18 years old.
The defendant's offense is not a listed offense under MCL
28.722(e)(*ii*).

4. None of the "catchall" provisions of MCL 28.722(e) regard-
ing whether an offense is a "listed offense" applies to a person who
commits the abominable and detestable crime against nature with
an animal. The part of the trial court's order requiring the
defendant to register as a sex offender must be vacated.

Vacated in part.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — BESTIALITY.

> A person convicted of committing the abominable and detestable crime against nature with an animal, bestiality, is not required to register as a sex offender under the Sex Offenders Registration Act (MCL 28.722(e)(*ii*), 750.158).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *John A. Hallacy*, Prosecuting Attorney, and *Jennifer Kay Clark*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for the defendant.

Before: MARKEY, P.J., and WHITBECK and GLEICHER, JJ.

PER CURIAM. Defendant pleaded no contest to a charge of committing the "abominable and detestable crime against nature" with a sheep. MCL 750.158. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 to 240 months' imprisonment. In addition, the trial court found that defendant's actions indicated sexual perversion, so the court ordered defendant to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* This Court initially denied defendant's delayed application for leave to appeal,[1] but our Supreme Court, in lieu of granting leave to appeal, remanded this case to this Court for consideration as on leave granted. *People v Haynes*, 477 Mich 1067 (2007). Defendant only appeals the propriety of the trial court's order requiring him to register as a sex offender. We vacate the part of the trial court's order requiring defendant to register as a sex offender because the SORA does not apply to the portion of MCL 750.158 that prohibits bestiality.

---

[1] *People v Haynes*, unpublished order of the Court of Appeals, entered October 5, 2006 (Docket No. 272609).

The construction and application of the SORA presents a question of law that this Court reviews de novo on appeal. *People v Golba*, 273 Mich App 603, 605; 729 NW2d 916 (2007). The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). We begin this task "by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). Unless they are otherwise defined in the statute or are terms of art or technical words, we assign the words of a statute their plain and ordinary meaning. *Id.*; *People v Meyers*, 250 Mich App 637, 643; 649 NW2d 123 (2002). If a statute leaves words undefined, we may consult a dictionary to "aid our goal of construing those terms in accordance with their ordinary and generally accepted meanings." *Morey, supra* at 330. Only if "the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent." *Id*. Although we must, as far as possible, give effect to every word, phrase, and clause in the statute, *id.*, "[w]e 'may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' " *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 189; 740 NW2d 678 (2007), quoting *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

The statute that defendant was convicted of violating provides:

> Any person who shall commit the abominable and detestable crime against nature either with mankind or with any animal shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years,

or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life. [MCL 750.158.]

It is patent that MCL 750.158 encompasses two categories of crimes: "abominable and detestable crime[s] against nature" with a human being, and "abominable and detestable crime[s] against nature" with an animal. A "crime against nature" at common law encompassed both sodomy and bestiality. *People v Carrier*, 74 Mich App 161, 165; 254 NW2d 35 (1977). "Michigan follows the common-law definition of sodomy," which "covered only copulation *per anum*," not fellatio. *People v Dexter*, 6 Mich App 247, 250; 148 NW2d 915 (1967). Acts of bestiality, however, included a broader range of conduct than that of common-law sodomy. *Carrier, supra* at 166. An act of bestiality included any sexual connection between a human being and an animal and is expressly prohibited by MCL 750.158.[2] *Carrier, supra* at 166.

Subject to certain temporal exceptions not present here, the SORA requires an individual who is convicted of a listed offense after October 1, 1995, to be registered under its provisions. MCL 28.723(1)(a); *Golba, supra* at 605. Pertinent to this appeal, the SORA defines "listed offense" as including "A violation of section 158 of the Michigan penal code, 1931 PA 328, MCL 750.158, if a victim is an individual less than 18 years of age." MCL 28.722(e)(*ii*).

Our courts have not had occasion to construe MCL 28.722(e)(*ii*), and the SORA does not define the terms "if" or "individual." *Random House Webster's College*

---

[2] To sustain a conviction under MCL 750.158, "sexual penetration, however slight," is required. MCL 750.159; *Carrier, supra* at 166.

*Dictionary* (1997), provides the following definitions for "if": "in case that," "on condition that," "a condition or stipulation," and "qualifications or excuses." And, *Random House Webster's College Dictionary* (1997) defines "individual" as a "single human being" or "person." This dictionary definition of "individual" is consistent with the Legislature's use of that word in other contexts associated with being a crime "victim," as it is in MCL 28.722(e)(*ii*). For example, when the word "individual" is associated with the word "victim" in crime victims' rights legislation, its context potentially encompasses only human beings. Thus, MCL 780.752(1)(*l*)(*i*) and MCL 780.811(1)(*g*)(*i*) define "victim" as "an individual" capable of having a spouse or a guardian. Only human beings are able to marry and have spouses. Moreover, animals either are wild or domesticated and owned by people; they do not have guardians in the legal sense. Similarly, MCL 780.781(1)(g) and (i)(*i*) define "victim" as a "person who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of an offense" and "person" as "*an individual*, organization, partnership, corporation, or governmental entity." (Emphasis added.) Also, unless a contract or statute provides a different definition, this Court has recognized that the term "an individual" designates a natural person or a single human being. See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 630 n 3; 752 NW2d 479 (2008) (applying a dictionary definition to the undefined term "individual" in the General Property Tax Act, MCL 211.1 *et seq.*), and *Stoddard v Citizens Ins Co of America*, 249 Mich App 457, 466; 643 NW2d 265 (2002) (construing an insurance contract).

As already noted, we must enforce the Legislature's intent as expressed in the plain language of the statute and use dictionary definitions to ascertain their plain, ordinary, and generally accepted meanings. *Williams,*

*supra* at 250; *Morey, supra* at 330. When we apply the plain, ordinary, and generally accepted meanings of the words "if" and "individual" to MCL 28.722(e)(*ii*), we conclude that a violation of MCL 750.158 requires registration under the SORA for a listed offense only if the victim of the offense is a human being less than 18 years old. Certainly, if one gives the language of the statute its plain and common usage, it is patent that the sheep that was the object of defendant's "abominable and detestable crime against nature" is not a victim under MCL 28.722(e)(*ii*). Thus, we must conclude that the instant offense is not a listed offense pursuant to MCL 28.722(e)(*ii*).[3]

On appeal, the prosecution asserts that "the age provision in MCL 28.722(e)(*ii*) is intended to prohibit unnatural acts committed on minors, but not to exclude the bestiality component of the sodomy statute itself." But the plain meaning of the words the Legislature used in MCL 28.722(e)(*ii*) undermines this argument. We believe that such an interpretation would read language into the statute that it does not contain "and thus not within the manifest intent of the Legislature as derived from the words of the statute itself." *City of Monroe v James,* 259 Mich App 443, 450; 674 NW2d 703 (2003). Consequently, we must reject the prosecutor's argument because courts may not read or include provisions into a statute that the Legislature did not. *People v Underwood,* 278 Mich App 334, 338; 750 NW2d 612 (2008).

---

[3] For the same reasons that a conviction for bestiality under MCL 750.158 does not fall within the purview of MCL 28.722(e)(*ii*), such a conviction is also not within the ambit of MCL 28.722(e)(*xi*), which includes "[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age."

The prosecution also argues that the trial court's order was proper under the catchall provision of MCL 28.722(e)(*xiv*), which allows a court to order registration for "[a]n offense substantially similar to an offense described in subparagraphs (*i*) to (*xiii*) under a law of the United States, any state, or any country or under tribal or military law." The prosecution presents this argument as one in the alternative should we, as we have, conclude that the Legislature excluded bestiality convictions from MCL 28.722(e)(*ii*). We find it completely illogical to conclude that the Legislature excluded an offense as a "listed offense" when addressing a specific statute but then included the same previously excluded offense in an unspecified catchall provision. Moreover, we find that by its plain language, MCL 28.722(e)(*xiv*) applies to offenses proscribed by federal law, the laws of other states, and laws of other countries that are similar to the listed Michigan offenses. It does not apply to offenses proscribed by the state of Michigan. Michigan offenses are already expressly enumerated as listed offenses or included by operation of the other catchall provisions.

The prosecution also advances a policy argument in support of its contention that bestiality is within the catchall "listed offense" provisions of the SORA. Specifically, the prosecution argues, "It is unlikely that many people would not find the defendant's behavior disturbing, to the extent that it could endanger the 'health, safety, morals, and welfare of the people, and particularly the children, of this state,'" quoting the Legislature's stated intent of the SORA in MCL 28.721a. Our job, however, is to enforce the clear and unambiguous terms of the statute as written. *People v Gardner*, 482 Mich 41, 50, 59; 753 NW2d 78 (2008); *Morey, supra* at 330. If the Legislature chooses to amend or revise MCL 28.722(e)(*ii*) to require an indi-

vidual to register as a sex offender for violating MCL 750.158 by sexually assaulting an animal, it may. *Gardner, supra* at 59-60. But this Court may not make the policy choice to require registration as a sex offender for the type of offense in the instant appeal.

We vacate that part of the trial court's order requiring defendant to register under the SORA. We do not retain jurisdiction.