# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS EDWARD LOPEZ,

Defendant-Appellant.

UNPUBLISHED
November 18, 2014

No. 316866
Muskegon Circuit Court
LC No. 12-062164-FC

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant Thomas Edward Lopez appeals by right his jury convictions of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a), and fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e(1)(a). The trial court sentenced Lopez to serve 75 months to 15 years in prison for the CSC III conviction and to a concurrent 12 month sentence for the CSC IV conviction. Because we conclude there were no errors warranting relief, we affirm.

Lopez was a student specialist at the school that VCC attended for sixth, seventh, and eighth grade. She graduated in 2007. In April 2012, sometime after she saw Lopez with a woman at a soccer game, VCC reported that Lopez had engaged in sexual penetration and sexual contact with her while she was in seventh and eighth grade.

On appeal, Lopez argues that the trial court erred when it permitted the introduction of evidence that he had engaged in sexual acts with another student, DO. We review a trial court's evidentiary decisions for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* at 217.

Lopez does not dispute that the other acts evidence was generally admissible under MCL 768.27a(1). Rather, he claims that the evidence should have been excluded under MRE 403. Relevant evidence may be excluded under MRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight." *People v Mardlin*, 487 Mich 609, 627; 790 NW2d 607 (2010) (quotation marks and citation omitted).

Evidence admissible under MCL 768.27a remains subject to MRE 403, but the evidence's value as propensity evidence must be weighed in favor of its admission. *People v Watkins*, 491 Mich 450, 486-487; 818 NW2d 296 (2012). This does not mean that evidence admissible under the statute can never be excluded as unfairly prejudicial under MRE 403. *Id.* at 487. Our Supreme Court has provided several considerations that could lead a court to exclude the evidence as unfairly prejudicial; courts should consider:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at 487-488.]

Here, Lopez contends that the dissimilarity between the other acts and the charged crimes, the lack of reliability of the evidence supporting the occurrence of the other acts, and the lack of need for evidence beyond VCC's testimony and his own should have led the trial court to exclude the other acts evidence.

There were dissimilarities between the events at issue and the other acts. Whereas the charged crimes involved Lopez touching VCC's breasts and having VCC perform fellatio, his acts with DO involved placing his fingers inside DO's waistband and putting his hand in her back pocket. Although the severity of the sexual acts differed, there were also significant similarities. VCC and DO were both students at the same school when the charged crimes and the other acts, respectively, occurred. In addition, the charged crimes and the other acts, which occurred within a year or two of each other, took place at the school during the school day. And, in both cases, Lopez used his status at the school to get the girls out of class to spend time with him.

With respect to the reliability of the evidence, DO and a friend were witnesses regarding those acts. Based on a 2007 investigation into DO's allegations, there was a question about the reliability of their testimony. The investigating officer concluded that the allegations were unfounded and that the two girls made up the story. However, he did not base his conclusion on evidence that contradicted DO's allegations. Rather, he made the determination on the basis of his own credibility determinations. For purposes of the present case, the investigating officer's credibility determination is not conclusive regarding the truth of the allegations. It is normally for the jury to assess credibility. *People v Young*, 472 Mich 130, 143; 693 NW2d 801 (2005).

Finally, there was a reasonable need for the propensity evidence. Lopez, who chose not to testify, elected to defend the charges by attacking VCC's credibility. His theory was that VCC made up the allegations after she saw him at a soccer game with his girlfriend. The other acts evidence showed that Lopez had a propensity to use his authority to seduce girls at the school, which tended to bolster VCC's credibility by showing that her version was consistent with his scheme.

The trial court's decision on the applicability of MRE 403 did not fall outside the range of reasonable and principled outcomes. *Unger*, 278 Mich App at 217. The other acts evidence was probative of Lopez's propensity to commit the charged crimes. See *Watkins*, 491 Mich at 470, 487, 491. It also rebutted his attacks on VCC's credibility. The only factor that would possibly favor the exclusion of the other acts evidence was the lack of reliability of the testimony. But the other acts testimony was not so inherently incredible that it had to be excluded under the facts. *Young*, 472 Mich at 143. Moreover, Lopez has not argued that he did not have a fair opportunity to challenge the credibility of the other acts witnesses. The trial court did not abuse its discretion in determining that the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice. *Unger*, 278 Mich App at 216.[1] In addition, the trial court instructed the jury that it must first find that Lopez committed the other acts and, if it did, it could only consider the other acts evidence in deciding whether he committed the charged crimes. A jury is presumed to follow its instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Lopez next argues the trial court erred when, after granting a directed verdict on the charges of first-degree criminal sexual conduct (CSC I), MCL 750.520b, and second-degree criminal sexual conduct (CSC II), MCL 750.520c, on the ground that there was no evidence that Lopez was a teacher, substitute teacher, or administrator, it nevertheless allowed the prosecutor to add charges of CSC III and CSC IV. We review a trial court's decision on a motion to amend the information for an abuse of discretion. *People v McGee*, 258 Mich App 683, 687; 672 NW2d 191 (2003).

"The court before, during, or after trial may permit the prosecutor to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant." MCR 6.112(H).[2] Lopez claims that MCR 6.112(H) should not be read to permit amendment of the information to add offenses after the prosecution has rested at trial. However, court rules are interpreted according to the rules of statutory construction. *People v Clark*, 274 Mich App 248, 252; 732 NW2d 605 (2007). If the language of a statute is unambiguous, the Legislature is presumed to have intended the meaning expressed, and the statute must be enforced as written. *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008). The unambiguous language of MCR 6.112(H) permits amendment of an information "before, during, or after trial." The sole question is whether permitting amendment unfairly surprised or prejudiced Lopez.

---

[1] We note that there was evidence of Lopez's communications, which strongly suggested that he engaged in an intimate relationship with VCC. On the basis of this evidence, even if we were to conclude that the trial court should have excluded this evidence, any error was harmless. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).

[2] MCL 767.76 also permits amendment, but it has been interpreted to not allow amendment for the purpose of adding a new offense. *McGee*, 258 Mich App at 688. However, because MCR 6.112(H) is a rule of procedure, it supersedes MCL 767.76. *People v Goecke*, 457 Mich 442, 459-460; 579 NW2d 868 (1998); *McGee*, 258 Mich App at 689. In *McGee*, 258 Mich App at 691-692, the Court held that the trial court did not abuse its discretion when it permitted the prosecutor to amend the information to add a new offense on the first day of trial.

Here, the addition of the CSC III and CSC IV charges did not unfairly surprise or prejudice Lopez. An amendment causes undue prejudice if it results in unfair surprise, inadequate notice, or inadequate opportunity to defend. *People v Goecke*, 457 Mich 442, 462; 579 NW2d 868 (1998). The CSC III charge took the place of the CSC I charge, and it did not include any additional elements that Lopez needed to defend. The CSC IV charge took the place of the CSC II charge. The CSC IV charge included an additional element—that Lopez was more than five years older than VCC—but he could not dispute the existence of this element and, in fact, stipulated that the element was met. The CSC III and CSC IV charges also did not involve any new or different acts; they still involved an act of fellatio and Lopez touching VCC's breasts. Lopez does not assert any tangible way in which the amendment prejudiced him. He makes no claim that his defense to the CSC I and CSC II charges, which was that VCC fabricated the allegations, would not have been his defense had he been charged with CSC III and CSC IV before trial. Under these circumstances, the trial court did not abuse its discretion. *McGee*, 258 Mich App at 687.

Lopez next argues that he is entitled to be resentenced because the trial court erred in scoring 15 points under offense variable (OV) 8. See MCL 777.38. We review a trial court's factual findings in support of a score for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Clear error exists if we are left with a definite and firm conviction that a mistake was made. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008).

A trial court must score 15 points under OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). This Court has interpreted the term "asportation" as requiring movement of the victim that is not incidental to committing an underlying offense. *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003). Asportation does not require force; it may occur when the victim voluntarily accompanies the defendant to a place or situation of greater danger. *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013).

Here, when Lopez had VCC perform fellatio for the first time, he took her from a classroom to the choir room. The choir room was locked. He did not turn on the lights. Detective Sergeant Gregory Paulson testified that when he stood outside the choir room in 2012 and looked into it, he could not see anything when the lights were off. He also testified that the doors to the choir room remained locked once the key to unlock them was removed. Under these circumstances, the trial court did not clearly err in scoring 15 points for OV 8. *Hardy*, 494 Mich at 438. The choir room, because it was locked and remained dark, was a place or situation of greater danger. It was a place where others in the school were less likely to see Lopez committing the crime, and the crime could not have occurred as it did without VCC being moved to a room where she would not be readily seen by others. *Spanke*, 254 Mich App at 647-648.

Finally, relying on *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), Lopez argues that he is entitled to be resentenced because his constitutional rights were violated when the trial court used facts that were not proved beyond a reasonable doubt to score the offense variables. However, this Court has held that *Alleyne* does not apply to Michigan's sentencing guidelines. *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013). We are required to follow *Herron*. MCR 7.215(J)(1).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro