*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOSEPH ALLEN SORENSEN,

        Defendant-Appellee.

UNPUBLISHED
February 17, 2022

No. 354892
Muskegon Circuit Court
LC No. 20-000065-FH

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

In this criminal case, the prosecution appeals as of right the trial court's order granting defendant's motion to dismiss. For the reasons set forth in this opinion, we reverse and remand for reinstatement of the charge against defendant.

Defendant was charged with committing "the abominable and detestable crime against nature with a dog" in violation of MCL 750.158, which provides as follows:

> Any person who shall commit the abominable and detestable crime against nature either with mankind or with any animal shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life.

The trial court granted defendant's motion to dismiss based on its conclusion that the conduct criminalized by MCL 750.158 did not include the alleged act in this case of "performing cunnilingus" on a dog.

"This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion." *People v Jones*, 252 Mich App 1, 4; 650 NW2d 717 (2002) (quotation marks and citation omitted). However, whether certain conduct is within the scope of a penal statute presents a question of law that this Court reviews de novo. *People v Flick*, 487 Mich 1, 8-9; 790 NW2d 295 (2010). We also review de novo a trial court's rulings regarding questions of law. *Id.* at 9.

-1-

"When we interpret the Michigan Penal Code, we do so 'according to the fair import of [the] terms, to promote justice and to effect the objects of the law.' " *Id*. at 11, quoting MCL 750.2 (alteration in original).

This Court has previously explained that

[i]t is patent that MCL 750.158 encompasses two categories of crimes: "abominable and detestable crime[s] against nature" with a human being, and "abominable and detestable crime[s] against nature" with an animal. A "crime against nature" at common law encompassed both sodomy and bestiality. "Michigan follows the common-law definition of sodomy," which "covered only copulation *per anum*," not fellatio. Acts of bestiality, however, included a broader range of conduct than that of common-law sodomy. An act of bestiality included any sexual connection between a human being and an animal and is expressly prohibited by MCL 750.158. [*People v Haynes*, 281 Mich App 27, 30; 760 NW2d 283 (2008) (some citations omitted; second and third alterations in original).]

Here, the trial court erred as a matter of law by concluding that the conduct alleged in this case was not criminalized by MCL 750.158 because an "act of bestiality include[s] *any sexual connection* between a human being and an animal and is expressly prohibited by MCL 750.158." *Haynes*, 281 Mich App at 30 (emphasis added). Consequently, the trial court abused its discretion by dismissing the charge. *Jones*, 252 Mich App at 4. We reverse and remand for the charge to be reinstated.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford