*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF AUBURN HILLS,

        Plaintiff-Appellee,

FOR PUBLICATION
August 22, 2024

v

No. 367687
Oakland Circuit Court
LC No. 2023-202324-AR

JAMES THOMAS MASON, JR.,

        Defendant-Appellant.

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

MARKEY, P.J. (*dissenting*).

Because I conclude that the district court did not err in sentencing defendant to 93 days in jail for his guilty-plea conviction of driving while license suspended (DWLS), MCL 257.904, I would affirm the sentence. In my view, the district court fully complied with the demands of MCL 769.5 and made an adequate record in support of its determination that reasonable grounds existed to depart from the rebuttable presumption that favored a no jail-no probation sentence. Accordingly, I respectfully dissent.

## I. BACKGROUND

On May 30, 2023, defendant was cited for DWLS, a misdemeanor. On August 16, 2023, the district court held a pretrial hearing. At the hearing, defendant entered a guilty plea on the DWLS charge and asked the court to proceed directly to sentencing. Defendant explained that he had recently been convicted and sentenced in two other misdemeanor cases. On July 5, 2023, defendant was sentenced to 93 days in jail for a domestic-violence conviction. On July 12, 2023, defendant was sentenced in another case to 80 days in jail for a conviction of making false statements to a police officer. Defendant requested a sentence of fines and costs on the DWLS conviction. But if the district court wished to sentence defendant to jail, he asked the court to impose a jail sentence that would run concurrently with the sentences from the two other recent misdemeanor convictions.

The district court noted that there was a statutory rebuttable presumption in favor of a no jail-no probation sentence for a misdemeanor offense that is not deemed serious—such as DWLS. The court also stated that the factors to be considered when crafting a sentence included the risk

of recidivism, the risk to public safety, and a defendant's potential for rehabilitation. The district court observed that defendant, in addition to the two recent misdemeanor convictions, had previously been convicted of DWLS and that he had also been convicted three times of operating a motor vehicle while intoxicated, with the most recent of those four convictions occurring in 2014. The district court determined that all three sentencing factors weighed in favor of departing from the no jail-no probation presumption, and it sentenced defendant to fines, costs, and 93 days in jail. The jail sentence was to run concurrently with the other two misdemeanor sentences. He was given 28 days' credit for time served.

On August 28, 2023, defendant filed an application for leave to appeal in the circuit court. Defendant argued that the 93-day jail sentence was an unreasonable sentence for a DWLS conviction, that the sentence was based on an impermissible local sentencing policy, that he should have been sentenced on the same day for all three of the recent misdemeanor convictions, and that if the circuit court remanded the case to the district court for resentencing, the case should be assigned to a different judge. Defendant contended that the district court misapplied the sentencing factors. He asked the circuit court to determine that the statutory presumption in favor of a no jail-no probation sentence for a non-serious misdemeanor was not overcome in this case because defendant did not pose a risk to public safety and his criminal record demonstrated that he had satisfactorily completed every previous sentence. With respect to defendant's argument that the district court impermissibly sentenced him on the basis of a local sentencing policy, defendant compiled data on the outcomes of other DWLS and similar cases heard in the district court around the time of defendant's sentencing. Defendant allegedly discovered that there were 48 other defendants facing comparable charges at the time and that 42 out of the 43 defendants in those cases who had already been sentenced were sentenced to jail, probation, or some combination of the two. According to defendant, the data effectively showed that there was a local sentencing policy of jail or probation for licensure-related misdemeanor convictions because there was no reasonable likelihood that the no jail-no probation presumption would have been rebutted in 42 out of 43 cases.

On September 8, 2023, the circuit court entered an opinion and order denying defendant's application for leave to appeal his sentence.[1] The circuit court rejected defendant's argument that he should have been sentenced on the same day for all three of his recent misdemeanor convictions. The court explained that defendant had not shown that anything improper occurred that caused there to be three different sentencing dates. Next, the circuit court ruled that the district court did not abuse its discretion when it found that the presumption of a no jail-no probation sentence was rebutted given that the district court articulated sound reasons for imposing a jail sentence that were based on defendant's criminal history. Lastly, the circuit court ruled that defendant had not shown entitlement to relief on the basis of being sentenced according to a local sentencing policy. The circuit court reasoned that defendant's analysis of sentencings of supposedly similarly-situated

---

[1] Although the circuit court indicated at the end of the opinion and order that it was denying leave, the court substantively addressed, analyzed, and resolved defendant's arguments. Accordingly, the circuit court effectively granted leave, but then rejected defendant's arguments.

defendants did not establish that there was a local sentencing policy because no context was provided regarding the particular circumstances in each of the other referenced cases.

## II. ANALYSIS

Defendant argues that the district court abused its discretion by imposing a term of incarceration for the DWLS conviction, a non-serious misdemeanor, absent reasonable grounds or specific facts to justify the departure. Defendant further contends that the district court does not base its sentences on individualized facts; rather, the court departs from the no jail-no probation sentencing presumption for DWLS and similar non-serious offenses by employing a local sentencing policy to automatically impose jail or probationary terms for such offenders. Finally, defendant argues that if resentencing is ordered, the case should be reassigned to a different district court judge to preserve the appearance of justice.

The Michigan Supreme Court in *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), explained:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. [Quotation marks omitted.]

"An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *People v Bowden*, 344 Mich App 171, 185; 999 NW2d 80 (2022). "A trial court's factual determinations at sentencing are reviewed for clear error and need only be supported by a preponderance of the evidence." *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). Questions of statutory construction are reviewed de novo. *Id.*

When interpreting a statute, this Court first focuses on the plain language of the statutory provision, striving to accomplish the goal of giving effect to the intent of the Legislature. *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018). We must read individual words and phrases in the context of the entire legislative scheme, examining the statute as a whole. *Id.* When the language of a statute is clear and unambiguous, the statute must be enforced as written, and no further judicial construction is required or permitted. *Id.* If at all possible, every word in a statute should be given meaning and no word should be rendered nugatory or treated as surplusage. *Id.* at 288. Unless statutory words are defined in the statute, are technical in nature, or constitute terms of art, we assign the words their plain and ordinary meaning. *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008).

"An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). The key test is not whether a sentence departs from or adheres

to a guidelines range but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. With respect to proportionality, the Supreme Court in *Milbourn*, 435 Mich at 668, "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." A sentencing court must justify an imposed sentence so as to facilitate appellate review, *Boykin*, 510 Mich at 192, although a court need not "expressly explain why a within-guidelines sentence is reasonable and proportionate," *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 4.

MCL 769.5 provides, in relevant part, as follows:

> (3) There is a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence.
>
> (4) The court may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure.
>
> * * *
>
> (7) As used in this section, "serious misdemeanor" means that term as defined in section 61 of the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.811.

The offense of DWLS is not listed in MCL 780.811; therefore, DWLS does not constitute a serious misdemeanor, and the rebuttable presumption applies.

I initially note that because the DWLS conviction was defendant's second DWLS conviction, the district court could have sentenced defendant to up to one year in jail. See MCL 257.904(3)(b). It is not clear from the record whether the district court understood that it could have sentenced defendant to as long as one year in jail.

Because the rebuttable presumption of MCL 769.5(3) was triggered, the issue becomes whether under MCL 769.5(4) the district court properly departed from the presumption on the basis of finding "reasonable grounds" to depart, as articulated on the record. The district court found that defendant presented a high risk for recidivism, a high risk to public safety, and a low potential for rehabilitation. It is clear from the record that the district court reached these conclusions because defendant had three drunk driving convictions, a previous DWLS conviction, and the recent convictions for domestic violence and making a false statement to police. The district court expressly acknowledged the statutory rebuttable presumption, but it chose to depart in light of defendant's history. I conclude that defendant's numerous criminal convictions, including the two recent misdemeanor convictions, constituted "reasonable grounds" to depart from the presumption—the presumption was rebutted. The district court certainly did not abuse its discretion by imposing the 93-day jail sentence. Nor were there any clearly erroneous factual findings. Defendant has demonstrated an unwillingness to abide by the law after prior encounters with the criminal justice system. See *Milbourn*, 435 Mich at 668. I find that the jail sentence was proportionate to the circumstances surrounding the offense and the offender.

The majority faults the district court for not weighing the seriousness of the DWLS offense. The district court recognized that there was a rebuttable presumption in favor of a no jail-no probation sentence in this case. This is because DWLS by statutory definition *is not a serious misdemeanor* for purposes of MCL 769.5. See MCL 780.811. And the offense of DWLS is not an intricate crime that can be committed in myriad ways with significant varying ranges of graveness. I am not prepared to reverse the district court because it did not expressly state the obvious, i.e., that defendant operated a vehicle without a license and that doing so was not a serious crime. Additionally, there is no authority indicating that a departure cannot be solely premised on the seriousness of a defendant's criminal record and history despite the non-seriousness of the offense at issue. The majority further concludes that the district court failed to explain why the departure sentence was more proportionate than a fine and costs. I believe that the district court effectively did so by explaining that it was departing from the presumption because of defendant's extensive criminal history, which, again, demonstrated that he posed a high risk of recidivism, a high risk to public safety, and a low potential for rehabilitation. Contrary to the majority's contention, the record is patently clear with respect to why the district court departed from the presumption—defendant's repeated disregard of the law, and the record is more than adequate to facilitate appellate review.

Finally, while a sentence is invalid when it conforms to a local sentencing policy rather than individualized facts, *People v Pointer-Bey*, 321 Mich App 609, 620; 909 NW2d 523 (2017), the district court in this case clearly and explicitly imposed the jail sentence on the basis of individualized facts. Therefore, I cannot conclude that defendant was sentenced pursuant to a local sentencing policy even if one actually existed.[2]

In sum, I would affirm defendant's sentence. Accordingly, I respectfully dissent.

/s/ Jane E. Markey

---

[2] I tend to agree with the circuit court that the data and information relied on by defendant needed to supply specific sentencing facts regarding the other cases to be relevant. I also note that despite the statutory presumption, the Legislature did not create much of a hurdle to rebut the presumption by merely requiring "reasonable grounds" to depart.